**FRITZ MORRIS, Plaintiff**

v.

**RAYMOND A. PEDRO**

and

**THE SUPREME COUNCIL OF THE ST. CROIX LABOR UNION, Defendants**

Civil No. 33 — 1957

District Court of the Virgin Islands

Div. of St. Croix at Frederiksted

September 11, 1958

CROXTON WILLIAMS, ESQ., *for the plaintiff*

ALMERIC L. CHRISTIAN, ESQ., *for the defendants*

MARIS, *Circuit Judge**

■ Gentlemen, I want to make it clear at the outset that it is not the responsibility of the court and it is not the policy of the law for a court to interfere in the internal management of a corporation, association, labor union, manufacturing company or any other similar organized group so far as concerns the policy of the corporation; so far as concerns the propriety or desirability of the action being taken by the officers. That is for the officers, and that is for the members to determine upon when they elect their officers; and if they do not like what their officers do they have their remedy; namely, to elect somebody else.

It would be intolerable if all the internal affairs of an association or corporation would have to be carried into a court of law for decision. The courts would break down under the load, and we do not want that. The limit to which the court can go is, if the actions of the officers are so grossly incompetent as to amount to a fraud, or if the officers are actually engaged in defrauding their members, the court can step in and protect the members. But if it is a question, as may well be the case here, whether the policy being pursued by the officers is the best policy, then that is for the members to determine at their election. It is no business of the court to interfere in that kind of dispute or procedure.

*Oral opinion

■ The issue presented for decision here is purely a legal one; namely, first, whether under the constitution and by-laws of the Saint Croix Labor Union the officers have authority to sell Estate Hard Labor to an outsider, to some purchaser who may come along and wish to buy it but who is not a member of the Labor Union. And secondly, if I find and conclude that they do have such authority, whether these officers have been properly elected so that they may lawfully act for the Union in that matter.

I have no difficulty with the first question. Section 4 of Article 1 of the Constitution of the Union contains two provisions on this subject. The first provision is that "It is the object of the Labor Union to purchase land and parcel it out with the view that the parcelists shall eventually be the owners in fee simple." And another object of the Labor Union, as stated in the same question is "To acquire and dispose of properties in town and country." Now, I find in considering that section that it is an object of the Labor Union to acquire land and to sub-divide it into parcels and to make those parcels available to members and perhaps others, since it is not specifically restricted to "members", but to provide parcels which persons may acquire for their use as homesteads. That undoubtedly is one of the objects of the Labor Union, but that is not the exclusive use to which they are required to put land purchased by the Union because of the second clause which says that another object of the Labor Union is "to acquire and dispose of properties in town and country." That is the ordinary power which is given to every corporation, to buy and sell land. This Labor Union has that power, quite obviously. So I conclude that the Constitution of the Saint Croix Labor Union does not forbid the officers, having taken proper action under their constitution, to sell Estate Hard Labor and pass good title to a purchaser.

The second question is whether these officers were prop-

erly elected. There isn't any doubt from the evidence, and the evidence is uncontradicted, that there was present at the annual meeting in December 1957 more than a quorum of 50 members. The minutes indicate 71 members and that was substantially the testimony of some of the plaintiff's witnesses. So I find that there were present at the annual meeting more than enough members to constitute a quorum, at which meeting Mr. Pedro was elected president. And I have no difficulty in finding that he was lawfully elected and is now lawfully serving as president with the Saint Croix Labor Union.

The next question is, then, whether the members or deputies, as they are called, of the Supreme Council were properly elected at that meeting. They were elected at that meeting. The minutes show that, and that is the testimony, so far as the four members representing the Frederiksted town and country district are concerned. The question as to them is a little simpler than in the case of the Christiansted deputies. The testimony of the secretary who took the minutes and who was present is that it was made clear at that meeting to the members that when voting for the Frederiksted deputies only the Frederiksted members of the Labor Union could vote, and when voting for the Christiansted deputies only the Christiansted members should vote. There isn't any credible evidence to contradict his testimony, and I find that in the election the Frederiksted members of the Union alone participated in electing the four Frederiksted deputies, and the Christiansted members of the Union alone participated in electing the four Christiansted deputies.

There is no doubt in my mind as to the legality of the election of the members of the Supreme Council of the Union at the meeting in December 1957, and there is no doubt at all as to the legality of the election of the four deputies from the Frederiksted district. The plaintiff urges,

382

however, so far at least as concerns the Christiansted deputies, that paragraph (c), Section 1 of Article 3 of the Constitution provides that "The deputies shall be elected at special meetings in their respective districts." It is conceded that the meeting at which the Christiansted deputies were elected was held in Frederiksted and not in their district. Now, if that is a mandatory requirement which must be complied with at all events in order to constitute a legal election, it would have to be held that the Christiansted deputies were not legally elected. But I do not regard that provision as rising to the dignity of a mandatory requirement. It does not involve a basic provision, the violation of which would prejudice the rights of the voters in any substantial way. Accordingly, I hold that it is merely directory and not mandatory. It is a procedure which the constitution points out, but which is not made a condition of the legality of the election. And I accordingly conclude that the deputies for the Christiansted district were also lawfully elected at the election in December 1957.

Having concluded that the officers against whom this suit has been brought were legally elected and are now lawfully serving as officers, and having concluded that the Labor Union through its officers may buy and sell land generally for such purposes as the Constitution provides and as the officers deem appropriate, without being restricted to selling to members, I reach the end of the case, so far as the Court is concerned, because as I said in the beginning, the propriety of the proposed sale of Estate Hard Labor, whether it is good or bad for the Union, is not a matter for the court to pass upon. On the contrary, it is a matter for the members of the Union to settle in accordance with their regular procedure as set out in their Constitution through the election of officers and the making of decisions at their meetings.

For the reasons stated, I conclude that the complaint must be dismissed, and it will be so ordered.